NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014[*]
Decided March 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 13-2985 | Appeal from the United States District Court for the |
| ROGER THOMPSON, | Southern District of Indiana, |
| *Plaintiff-Appellant*, | Indianapolis Division. |
| *v.* | No. 1:12-cv-1177-SEB-TAB |
| STEVEN CONANT, et al., | Sarah Evans Barker, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This civil-rights action arises from Roger Thompson's unmet requests for Valium while he was incarcerated at a state prison in Plainfield, Indiana. The district court granted summary judgment for the defendants. We affirm that decision.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

When Thompson filed his complaint, he named as defendants a psychiatrist, a psychologist, and a mental-health counselor at the prison, as well as a clinical-psychology graduate student completing a practicum at the facility. He principally alleged that his anxiety disorder was not being treated effectively because he was not prescribed benzodiazepines such as Valium. He also alleged that the psychologist told him that she would "do nothing" to treat his illness. On appeal Thompson abandons his contention that the psychologist refused to treat him, focusing instead on his principal argument that he was wrongly denied benzodiazepines, which he says are necessary to alleviate his anxiety.

Under Indiana law the Department of Corrections may administer a drug to control an offender's mental or emotional disorder only if an examining *physician* has prescribed the drug. IND. CODE § 11-10-4-6(1); *see also id.* §§ 16-42-19-5, 16-42-19-20(a), 25-33-1-2(c). The psychologist, counselor, and graduate student are not physicians, and Thompson presented no evidence suggesting that any of the three was involved in the decision to deny him benzodiazepines. Accordingly, the district court properly rejected Thompson's claim that these defendants were deliberately indifferent to his anxiety by refusing him benzodiazepines. *See Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (noting that liability under 42 U.S.C. § 1983 depends on personal involvement); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (same).

That leaves for review only Thompson's contention that the district court erred in granting summary judgment on his claim that the psychiatrist, Steven Conant, was deliberately indifferent to his anxiety. The district court acknowledged a material dispute about whether Thompson's anxiety is a serious medical condition. *See Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) (defining medical condition as "serious" when it has been "diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would perceive the need for a doctor's attention"). The court agreed with Dr. Conant, however, that Thompson had failed to meet his burden of producing evidence from which a jury reasonably could find deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). As a medical professional, Dr. Conant would have been deliberately indifferent if his treatment decisions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate" that he was not relying "on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982); *see Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008); *Collignon v. Milwaukee County*, 163 F.3d 982, 987–88 (7th Cir. 1998). Conduct that is akin to criminal recklessness—but not medical malpractice, negligence, or even gross negligence—violates the Eighth Amendment. *See Gamble*,

429 U.S. at 106; *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

We agree with the district court's evaluation of the merits. Dr. Conant denied Thompson's first request for Valium in January 2011 because of the drug's "addictive nature and potential for abuse." Thompson, who insisted on receiving benzodiazepines, refused the nonaddictive alternatives that Dr. Conant suggested. Six months later Dr. Conant again rejected Thompson's demands for Valium and instead offered him Trilafon and two other prescription medications for anxiety. Thompson tried the Trilafon, but stopped taking it a short time later (before the drug had a chance to work, the defendant says). In his appellate brief, Thompson asserts that the drugs offered him had proved ineffective when prescribed in the past, yet there is no evidence in the record, not even an affidavit from Thompson, that he used these drugs previously. In Dr. Conant's view, benzodiazepines are "highly addictive" and thus inappropriate for patients, like Thompson, with a history of alcohol abuse. Thompson presented no evidence suggesting that this decision to deny Valium was based on anything other than the sound exercise of medical judgment. *See Sain*, 512 F.3d at 894–95; *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (explaining that plaintiff's dissatisfaction or disagreement with course of treatment is not evidence of deliberate indifference). Therefore, the district court correctly granted summary judgment for Dr. Conant.

AFFIRMED.